```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRIAN STEWART, et al.          :    CIVIL ACTION
                               :
          v.                   :
                               :
PRECISION AIRMOTIVE            :
CORPORATION, et al.            :    NO. 07-1610
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 3, 2007

This case arises out of an airplane crash that occurred on March 27, 2005, in West Union, Iowa. It was commenced in the Court of Common Pleas of Philadelphia County by the estate of the pilot, his parents, the estates of two passengers, and the guardian of a minor passenger on board the aircraft. The plaintiffs allege that the engine (manufactured by AVCO ("AVCO")) and the carburetor in the engine (manufactured by a group of defendants described as the "Precision defendants") were defective and caused a sudden loss of engine power that resulted in the crash.

AVCO and related defendants have filed a notice of removal which included consent to removal from the Precision defendants. The removing defendants assert the existence of removal jurisdiction on the ground of diversity of citizenship. The plaintiffs have moved to remand the case to the Court of Common Pleas on the ground that AVCO is a citizen of Pennsylvania

because its principal place of business is in Pennsylvania.  In its notice of removal, AVCO claims that its principal place of business is 40 Westminster Street, Providence, Rhode Island, not Williamsport, Pennsylvania, as alleged in the plaintiffs' complaint.  Resolution of this issue depends on whether the Court may consider the activities of subsidiaries when determining the principal place of business of the parent.

An action "shall be removable . . . only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which in which such action is brought."  28 U.S.C. § 1441(b).  A corporation is a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c).

The United States Court of Appeals for the Third Circuit set forth the test for determining a corporation's principal place of business for purposes of diversity jurisdiction in Kelly v. U.S. Steel Corp., 284 F.2d 850 (3d Cir. 1960).  According to Kelly, a court must look to the "headquarters of day-to-day corporate activity and management" to determine a corporation's principal place of business.  Id. at 854.  Other factors that are relevant to such a determination include the physical location of a corporation's plants, employees and tangible property.  Id.

The United States Court of Appeals for the Third Circuit has also held that the citizenship of one corporation does not get attributed to another simply because of a parent-subsidiary relationship between the two.  See, e.g., Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142 (3d Cir. 1972).  If the corporate veil is pierced, however, and the entities considered to be a unitary enterprise, the citizenship of the two may be equated.  See Carnera v. Lancaster Chem. Corp., 387 F.2d 946, 947 (3d Cir. 1967).

The United States Courts of Appeals for the First and Ninth Circuits are in agreement that the activities of a subsidiary should not be attributed to the parent when a court decides the principal place of business of the parent, unless their relationship is an "alter ego" or unitary relationship. See Lugo-Vina v. Pueblo Int'l, Inc., 574 F.2d 41, 43 (1st Cir. 1978); Danjaq, S.A. v. Pathe Commc'ns Corp., 979 F.2d 772, 775 (9th Cir. 1992).  The United States Court of Appeals for the D.C. Circuit has gone further, holding that subsidiary activities should not be considered even if the corporate veil has been pierced.  Pyramid Secs. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1120 (D.C. Cir. 1990).

The parties dispute whether in Kelly, the court considered the activities of a corporation's subsidiaries in determining the corporation's principal place of business.  The

3

defendants argue that the Kelly court did attribute the subsidiaries' activities to the parent. The defendants point to a portion of the opinion in which the court discusses the far flung nature of the corporation, noting the existence of its eleven subsidiary companies. Id. at 853.

The discussion in Kelly relied on by the defendants, however, seems more an observation describing the difficulties of determining citizenship for corporations that are national in scope than a clear statement of the court's intent to consider subsidiary activities. In the analysis following that observation, the court does not mention the location of subsidiaries as a factor of significance. Id. at 853-54. The court instead relies only upon a comparison of the locations of corporate officials, policymaking, and business activities of the parent. Id. The Ninth Circuit reached this same conclusion about the Kelly analysis:

> But Appellant misinterprets the holding in [Kelly]. The Third Circuit found that the principal place of business of the defendant coincided with the place where many of its subsidiaries were located. However, the Third Circuit's decision did not turn on the activities of the subsidiaries.

Danjaq, 979 F.2d at 775.

This is consistent with Quaker State and Carnera that were decided after Kelly. The Court, therefore, concludes that

it cannot consider the activities of AVCO's subsidiaries in determining the principal place of business of AVCO.

AVCO owns six separate corporations. Textron Systems is one of them. AVCO is the sole member of an LLC that owns another group of companies described by AVCO as the Overwatch Companies. Other than the ownership of subsidiaries, the only business that AVCO conducts is the Lycoming business in Williamsport, Pennsylvania. Lycoming is an unincorporated division of AVCO engaged in the manufacture of piston engines and component parts for aircraft. Ian Walsh, who is both an officer of AVCO and the senior vice president and general manager of AVCO's Lycoming business operation, runs the day-to-day business of Lycoming from Lycoming's headquarters in Williamsport. Major capital improvements must be approved by AVCO's President who is located in Massachusetts. AVCO owns significant real property and manufacturing facilities in Williamsport, Pennsylvania.

AVCO, through its subsidiaries and the Lycoming division, employs in excess of 1,971 people. Of these employees, approximately 1,051 are employed by Textron Systems, 533 are employed by Lycoming Engines, and 387 are employed by the Overwatch Companies. Textron Systems and the Overwatch Companies are separate corporations. AVCO reported revenue of $420,758,069 in 2006: $241,152,657 is attributed to Textron Systems;

$174,079,162 to the Lycoming division; and $5,559,705 to the Overwatch companies.

       The corporate governance and financial books and records of AVCO are in Rhode Island.  Although the administrative offices are located in Rhode Island and Massachusetts, AVCO has not presented any evidence as to the activities of the administrative offices.  The officers are in Rhode Island, Massachusetts, Pennsylvania, and Texas.  The three directors of AVCO are located in Wilmington, Massachusetts.  Board action is generally taken by written consent.  The address and telephone number of AVCO in Rhode Island are the address and telephone number of the world headquarters of Textron, Inc., AVCO's corporate parent.

       Applying the principles of <u>Kelly</u> to these facts, the Court concludes that Pennsylvania is the principal place of business of AVCO.  The only place where there is any business conducted is Pennsylvania.  The officers and directors are spread over several states.  Almost all of AVCO's employees are in Pennsylvania as is the corporation's plants.  The business is run by Ian Walsh out of Pennsylvania.  It is true that major capital improvements must be approved by AVCO's President who is in Massachusetts, but <u>Kelly</u> looks to the day-to-day corporate activity and management.  In any event, the choice is Rhode Island or Pennsylvania, and not Massachusetts.

       An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRIAN STEWART, et al.          :     CIVIL ACTION
                               :
        v.                     :
                               :
PRECISION AIRMOTIVE            :
CORPORATION, et al.            :     NO. 07-1610
```

ORDER

AND NOW, this 3rd day of October, 2007, upon consideration of plaintiffs' Motion to Remand (Docket No. 13), AVCO's opposition, plaintiffs' response thereto, and after a telephone conference with counsel on July 20, 2007, IT IS HEREBY ORDERED that said motion is GRANTED.  This case is hereby remanded to the Court of Common Pleas of Philadelphia County.

```
                              BY THE COURT:


                              /s/ Mary A. McLaughlin_
                              MARY A. McLAUGHLIN, J.
```